(61 Misc. Rep. 316.)

## SCHMAHL v. ALBANY BRUSH CO.

(Supreme Court, Appellate Term. December 16, 1908.)

EVIDENCE (§ 471*)—OPINION EVIDENCE—CONCLUSIONS.

In an action for injuries received while operating an unguarded saw, a witness who had testified that guards for such saws were in common use, and explained how they could be attached and used without interfering with the sawing, was allowed to state that in his opinion the accident could have been avoided by the use of a guard, and that the saw was not safely constructed. *Held*, that both opinions were inadmissible, as being conclusions.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 471.*]

Appeal from City Court of New York, Trial Term.

Action by Henry Schmahl against the Albany Brush Company. Judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frank Vernon Johnson (Allan E. Brosmith, of counsel), for appellant.

Clifford L. Beare, for respondent.

GIEGERICH, J. The action is to recover damages for personal injuries claimed to have been caused by the negligence of the defendant. The plaintiff was employed by the defendant in its factory, and one of his duties was to operate a circular saw. The saw was unguarded, and while operating it the plaintiff's hand was caught in it, two of his fingers were cut off, and he was otherwise injured. The saw was set in a table, upon which the materials to be sawn rested during the process of sawing, and it projected about eight inches above the surface of the table. Its construction appears to have been simple and perfectly intelligible.

After proving the occurrence of the accident, and the consequent injury, by the testimony of himself and other witnesses, the plaintiff rested. The defendant thereupon called its engineer, who testified to the circumstances of the employment of the plaintiff and the instructions and cautions which he had given him concerning the manner in which the saw should be used. The defendant then called another witness, who testified, in substance, that he had been in a similar manufacturing business for 37 years; that he had worked in seven or eight shops, all but one of them using such saws; that he had never seen any guards used in connection with them; and that he did not think a guard for such a saw was practicable. In rebuttal the plaintiff called a witness, who testified that such guards were in common use, and explained in detail their construction, and how they could be attached and used without interfering with the process of sawing. In the course of the examination of this witness the record shows the following question and answer, with the accompanying objection and exception:

"Q. Will you state in your opinion whether the casualty or injury testified to in this case could have been averted by the use of a guard such as you have described?

"Defendant's Counsel: I object to that as a conclusion. (Objection overruled. Exception.)

"A. I say that it could have been avoided if the guard was there."

Regarding this same witness at another point the record reads:

"Q. You have heard the testimony of the engineer in this case? A. Yes, sir.

"Q. His description of the manner in which the saw was constructed? A. Yes.

"Q. State whether or not you would require, or state whether or not in your opinion the form of construction such as described by him is prudent.

"Defendant's Counsel: I object to that as improper in form and as a conclusion.

"The Court: He may state whether in his opinion it was safely constructed.

"Defendant's Counsel: I except.

"A. It was not safely constructed nohow."

I think it is perfectly clear that these exceptions were well taken and that the record shows reversible error. While this may have been a case in which the testimony of those familiar with the construction and operation of such machinery was competent as to facts derived

113 N.Y.S.—49

from their observation, it was not a case in which their conclusions based upon such facts were admissible. Van Wycklen v. City of Brooklyn, 118 N. Y. 424, 24 N. E. 179; Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608; Dolan v. Herring-Hall-Marvin Safe Co., 105 App. Div. 366, 94 N. Y. Supp. 241; Burns v. Crow, 123 App. Div. 251, 107 N. Y. Supp. 944.

As this disposes of the appeal, it is unnecessary to consider the other questions raised by the record.

I think the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.